IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **TIERRE MOORE, et al .,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Cause No. 1:06-cv-80-WTL-JDT |
| ) | |
| **CORRECTIONAL INDUSTRIAL FACILITY,** ) | |
| ) | |
| **Defendant.** ) | |

### ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

This motion is before the Court on Defendant's Motion for Judgment on the Pleadings. The Plaintiffs, quite reasonably, have not filed a response to the motion. The Court, being duly advised, **GRANTS** the motion and **REMANDS** the Plaintiffs' state-law claim to the Madison Superior Court for reasons set forth below.

### STANDARD OF REVIEW

After the pleadings are closed, a defendant may seek dismissal for failure to state a claim by a motion for judgment on the pleadings. Fed. R. Civ. P. 12( c). A motion made pursuant to Rule 12(c) is governed by the same standard as a motion to dismiss pursuant to Rule 12(b)(6); therefore, the proper inquiry is whether, "accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff, . . . it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hentosh v. Herman M. Finch Univ. of Health Sciences*, 167 F.3d 1170, 1173 (7th Cir. 1999) (citations and internal quotation marks omitted).

## **DISCUSSION**

Plaintiffs Tierre Moore and Clevon Stone were inmates at the Correctional Industrial Facility located in Pendleton, Indiana. Upon arrival at the facility, Plaintiff Moore was directed to take the top bunk bed in the cell, even though he protested that he was too heavy for the top bunk, as he weighed more than 300 pounds. On December 23, 2003, Moore was climbing out of his bunk when the bed collapsed, injuring both Moore and Plaintiff Stone, who was on the bottom bunk at the time. The Plaintiffs bring this action pursuant to state tort law and 42 U.S.C. § 1983, alleging that Defendant Correctional Industrial Facility breached its duty to provide safe and reasonable conditions for its inmates and were negligent in assigning Moore to the top bunk and in their maintenance of the bunk beds.

42 U.S.C. § 1983 provides a cause of action for a plaintiff who was deprived of a right secured by the Constitution or federal law by a person acting under color of law. *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). However, an agency of the State such as the Defendant is not a "person" against whom a § 1983 claim for monetary damages may be asserted. *Lapides v. Board of Regents,* 535 U.S. 613, 617 (2002). Accordingly, the Defendant is correct that the Plaintiffs' § 1983 claim must be dismissed.

That leaves the Plaintiffs' state-law claim. Ordinarily the Defendant would not be subject to suit in federal court on that claim, because the Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). That is not necessarily so in this case, however, inasmuch as the State inexplicably removed this case from state court and therefore might well have waived its Eleventh Amendment immunity. *See Lapides*, 535 U.S. at 623. However, that issue need not be decided here, because the state-law claim must be remanded to state court pursuant to 28 U.S.C. § 1367(c)

anyway.  *CropLife America, Inc. v. City of Madison*, 432 F.3d 732, 734 (7th Cir. 2005) (relinquishment of jurisdiction over supplemental state law claims mandatory when federal claims were frivolous).

## **CONCLUSION**

For the reasons set forth above, the Defendant's motion for judgment on the pleadings is **GRANTED** as to the Plaintiffs' § 1983 claim, and the Plaintiffs' state-law claim is **REMANDED** to Madison Superior Court.  The status conference scheduled for October 4, 2006, is accordingly **VACATED**.

SO ORDERED:  10/03/2006

*William T Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Rochelle Elaine Borinstein
THE MARCUS LAW FIRM
rborinstein@marcus-law.com

Thomas D. Quigley
INDIANA STATE ATTORNEY GENERAL
thomas.quigley@atg.in.gov

Cory Christian Voight
INDIANA STATE ATTORNEY GENERAL
cory.voight@atg.in.gov

Todd A. Weaver
SOMMER BARNARD ATTORNEYS, PC
tweaver@sommerbarnard.com